IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISON
Civil Action No. 1:19-cv-00386-LCB-JLW

MARY SMITH and GEORGE SMITH, Individually, and MARY SMITH, as Administrator of the ESTATE OF MARCUS DEON SMITH, deceased,

    Plaintiffs,

v.

CITY OF GREENSBORO, et al.,

    Defendants.

**DEFENDANT GUILFORD COUNTY'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6), Defendant Guilford County ("County") respectfully moves to dismiss all claims against it in this action for the reasons set forth in its accompanying brief, including, without limitation, the following grounds:

1. The Complaint fails to allege an underlying violation of the 4th or 14th Amendment by Defendant Abbott or Defendant Alling ("the Paramedics") and therefore states no claim upon which relief may be granted under 42 U.S.C. §1983 against County.

2. The Complaint fails to allege a basis for County liability under 42 U.S.C. §1983 and therefore states no claim upon which relief may be granted under 42 U.S.C. §1983 against County.

3. The Complaint fails to state a state law claim upon which relief may be granted against County (or, alternatively, personal and/or subject matter jurisdiction are

1

lacking as to those claims) in that the state law claims against County arise out of governmental functions to which governmental immunity applies. The Complaint does not allege that County has waived governmental immunity, nor has the County, in fact, waived governmental immunity.

4. The Complaint fails to state a state law claim upon which relief may be granted against County based upon the Paramedics' alleged failure to intervene to protect Plaintiffs' decedent against actions by City of Greensboro police officers or to provide care during such actions because no such duty existed.

5. The Complaint fails to state a state law claim upon which relief may be granted against County based upon the Paramedics' alleged failure to promptly attend to Plaintiffs' decedent's medical needs because it fails to meet the requirements to file and state a claim for a medical malpractice action under North Carolina law, including the requirements contained in N.C.G.S. §90-21.11, *et seq.*, and N.C.G.S. §1A-1, Rule 9(j).

6. Pursuant to Fed. R. Civ. P. 10(c), County incorporates by reference any additional grounds for dismissal (and supporting briefing) raised by the Paramedics which, if successful, would also cause the Complaint to fail to state a claim upon which relief may be granted as to County.

Wherefore, County respectfully prays the Court that:

1. This action be dismissed as to County with or, alternatively, without prejudice;
2. Plaintiffs have and recover nothing of County;

3. Plaintiffs bear the costs, including reasonable attorney's fees pursuant to 42 U.S.C. §1988; and

4. County receive such other relief as the Court deems proper.

This the 10th day of June, 2019.

/s/ Matthew L. Mason
John M. Payne (NCSB No. 11046)
mpayne@guilfordcountync.gov
Matthew L. Mason (NCSB No. 17506)
mmason@guilfordcountync.gov
*Attorneys for Defendant Guilford County.*

OF COUNSEL:

***OFFICE OF GUILFORD COUNTY ATTORNEY***
400 W. Washington Street
Greensboro, NC 27401
336-641-3852 (ph)
336-641-6729 (fax)

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this **Motion to Dismiss** was duly served upon all parties in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure as follows:

  x   Use of the Court's CM/ECF facilities.

This the 10th day of June, 2019.

/s/ Matthew L. Mason
Matthew L. Mason (NCSB No. 17506)