IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CASE NO. 1:19-CV-386

| | |
|---|---|
| MARY SMITH and GEORGE SMITH, Individually, and MARY SMITH, as Administrator of the ESTATE OF MARCUS DEON SMITH, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF GREENSBORO, GUILFORD COUNTY, Greensboro Police Officers JUSTIN PAYNE, ROBERT DUNCAN, MICHAEL MONTALVO, ALFRED LEWIS, CHRISTOPHER BRADSHAW, LEE ANDREWS, DOUGLAS STRADER, and JORDAN BAILEY, and Guilford EMS Paramedics ASHLEY ABBOTT and DYLAN ALLING,<br><br>Defendants. | **MOTION TO DISMISS THE CITY OF GREENSBORO AND THE GREENSBORO POLICE OFFICER DEFENDANTS IN THEIR OFFICIAL CAPACITIES** |

The City of Greensboro (the "City") and Greensboro Police Officers Justin Payne, Robert Duncan, Michael Montalvo, Alfred Lewis, Christopher Bradshaw, Lee Andrews, Douglas Strader, and Jordan Bailey (the "GPD Officers"), in their official capacities, respectfully request that the Court dismiss Plaintiffs' claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure with prejudice. In support of this motion, the City and GPD Officers show the Court the following:

1. Plaintiffs commenced this action with the filing of a Complaint on 10 April 2019.

2. The Complaint contains eight causes of action against the City and GPD Officers: (1) 42 U.S.C. § 1983 – Wrongful Death; (2) 42 U.S.C. § 1983 – Survival Action; (3) 42 U.S.C. § 1983 – Deprivation of the Right to Familial Relationships with the Decedent; (4) 42 U.S.C. § 1983 – *Monell* Liability; (5) 42 U.S.C. § 12131-12134 – Americans with Disabilities Act; (6) State Law – Wrongful Death; (7) State Law – Battery; and (8) Respondeat Superior. All of these claims should be dismissed.

3. Claims asserted against police officers in their official capacities are in essence claims against the officers' municipal employer. As such, the arguments for dismissal of the official capacity claims against the GPD Officers share the same legal framework as the arguments for dismissal of the claims asserted against the City. By contrast, the individual capacity claims against the GPD Officers raise different legal issues in many instances, and as such they are addressed in a separate motion and brief.

4. All claims against the GPD Officers in their official capacities should be dismissed as duplicative of the claims against the City.

5. Plaintiffs' First, Second, Third, and Fourth Causes of Action should be dismissed because Plaintiffs fail to sufficiently allege municipal liability. These claims should also be dismissed because Plaintiffs fail to sufficiently allege any underlying Section 1983 liability with respect to the individual officers.

6. Plaintiffs' Fifth Cause of Action should be dismissed because Plaintiffs fail to sufficiently allege a claim under the Americans with Disabilities Act.

7. Plaintiffs' Sixth, Seventh, and Eighth Causes of Action against the City and the GPD Officers in their official capacities should be dismissed because the claims are barred by governmental immunity.

8. In addition, Plaintiffs' Second, Third, and Seventh Causes of Action against the City and GPD Officers in their official capacities should be dismissed for the reasons discussed in the officers' individual capacity brief, that is, because the claims are either duplicative of the wrongful death claims that Plaintiffs have attempted to assert, or they are not recognized in these circumstances.

9. In support of this motion, the City and the GPD Officers submit a brief, as well as evidentiary materials that are appropriately part of the Rule 12 record, such as the autopsy report and the body-worn camera footage of the interactions with Mr. Smith. Additionally, under Rule 12(b)(1), the City submits the Affidavit of Everette Arnold, discussing issues related to the non-waiver of governmental immunity.

**WHEREFORE**, for the reasons stated herein and in the accompanying brief, the City and GPD Officers in their individual capacities respectfully request that Plaintiffs' Complaint be dismissed in its entirety as against them.

This the 13th day of June, 2019.

    /s/ Alan W. Duncan
Alan W. Duncan
N.C. State Bar No. 8736
Stephen M. Russell, Jr.
N.C. State Bar No. 35552
Hillary M. Kies
N.C. State Bar No. 46176
MULLINS DUNCAN
  HARRELL & RUSSELL PLLC
300 N. Greene St., Suite 2000
Greensboro, NC 27401
Telephone: 336-645-3320
Facsimile: 336-645-3330
aduncan@mullinsduncan.com
srussell@mullinsduncan.com
hkies@mullinsduncan.com

*Counsel for Defendants City of Greensboro, Justin Payne, Robert Duncan, Michael Montalvo, Alfred Lewis, Christopher Bradshaw, Lee Andrews, Douglas Strader, and Jordan Bailey*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of Court through the CM/ECF system, which will send notice of filing to counsel of record.

This the 13th day of June, 2019.

/s/ Alan W. Duncan
Alan W. Duncan