IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:19-cv-00386-LCB-JLW

MARY SMITH and GEORGE SMITH, Individually, and MARY SMITH, as Administrator of the ESTATE OF MARCUS DEON SMITH, deceased,

Plaintiffs

v.

CITY OF GREENSBORO, Greensboro Police Officers JUSTIN PAYNE, ROBERT DUNCAN, MICHAEL MONTALVO, ALFRED LEWIS, CHRISTOPHER BRADSHAW, LEE ANDREWS, DOUGLAS STRADER, and JORDAN BAILEY, and Guilford EMS Paramedics ASHLEY ABBOTT and DYLAN ALLING,

Defendants

**ANSWER OF DEFENDANTS ASHLEY ABBOTT AND DYLAN ALLING**

Defendants Ashley Abbott and Dylan Alling, answering the complaint of plaintiffs, allege and say:

1-2. Denied as to these defendants and denied as to the remaining defendants for lack of sufficient information and belief.

3. Denied for lack of sufficient information and belief.

4-6. The allegations contained in paragraph 4-6 of the complaint constitute legal conclusions rather than factual averments, such that no responsive pleading is permitted or required; in the alternative, denied.

7-9.    Denied for lack of sufficient information and belief.

10.    It is admitted that former defendant Guilford County employed the EMS defendants; otherwise, denied.

11-18. Denied for lack of sufficient information and belief.

19.    Admitted.

20.    It is admitted that this defendant was employed by Guilford County; otherwise, denied.

21.    Denied as to these defendants and denied as to the remaining defendants for lack of sufficient information and belief.

22.    It is admitted upon information and belief that plaintiffs' decedent suffered from multiple mental impairments and medical conditions; otherwise, denied for lack of sufficient information and belief.

23-24. Denied for lack of sufficient information and belief.

25.    It is admitted upon information and belief that plaintiffs' decedent was under the influence of illicit drugs; otherwise, denied for lack of sufficient information and belief.

26.    It is admitted upon information and belief that plaintiffs' decedent suffered from multiple mental impairments and medical conditions; otherwise, denied for lack of sufficient information and belief.

27.    Denied.

28.    It is admitted that these defendants were called to the scene in an ambulance; otherwise, denied for lack of sufficient information and belief.

29-32. Denied for lack of sufficient information and belief.

33. It is admitted that these defendants arrived at the scene at some point; otherwise, denied.

34. It is admitted that the defendants referred to conferred, and that the statements referred to occurred to the extent represented in the body cam footage at the scene, which speaks for itself and is the best evidence of the content thereof; otherwise, denied.

35-36. Denied for lack of sufficient information and belief.

37. It is admitted that other defendants restrained plaintiffs' decedent as represented in the body cam footage at the scene, which speaks for itself and is the best evidence of the content thereof; otherwise, denied for lack of sufficient information and belief.

38-39. Admitted only to the extent represented in the body cam footage at the scene, which speaks for itself and is the best evidence of the content thereof; otherwise, denied.

40-44. Denied for lack of sufficient information and belief.

45. It is admitted that at some point plaintiffs' decedent because unresponsive; otherwise, denied for lack of sufficient information and belief.

46. Denied as to these defendants and denied as to the remaining defendants for lack of sufficient information and belief

47. Denied for lack of sufficient information and belief.

48. Denied.

49. Denied for lack of sufficient information and belief.

50. It is admitted that plaintiffs' decedent was placed on a gurney in order to place him into the ambulance; otherwise, denied.

51. Denied.

52. The death certificate referred to speaks for itself and is the best evidence of the content thereof; otherwise, denied for lack of sufficient information and belief.

53. Denied.

54-56. Denied as to these defendants and denied as to the remaining defendants for lack of sufficient information and belief.

57. The press release referred to speaks for itself and is the best evidence of the content thereof; otherwise, denied for lack of sufficient information and belief.

58. The policy referred to speaks for itself and is the best evidence of the content thereof; otherwise, denied for lack of sufficient information and belief.

59-61. Denied for lack of sufficient information and belief.

62. Denied for lack of sufficient information and belief, and each and every subparagraph contained therein.

63-66. Denied for lack of sufficient information and belief.

67. Denied as to these defendants and denied as to the remaining defendants for lack of sufficient information and belief.

## ANSWER TO FIRST CAUSE OF ACTION

68. Defendants reallege their answers to the allegations contained in paragraphs 1 through 67 of the complaint, which are incorporated by reference as if the same were fully set forth.

69-71. Dismissed as to Fourth Amendment conspiracy theory. Denied as to these defendants and denied as to the remaining defendants for lack of sufficient information and belief.

## ANSWER TO SECOND CAUSE OF ACTION

72. Defendants reallege their answers to the allegations contained in paragraphs 1 through 71 of the complaint, which are incorporated by reference as if the same were fully set forth.

73-74. Dismissed as to Fourth Amendment conspiracy theory. The allegations contained in paragraphs 73-74 of the complaint constitute legal conclusions rather than factual averments, such that no responsive pleading is permitted or required; in the alternative, denied.

75-77. Denied as to these defendants and denied as to the remaining defendants for lack of sufficient information and belief.

## ANSWER TO THIRD CAUSE OF ACTION

78. Defendants reallege their answers to the allegations contained in paragraphs 1 through 77 of the complaint, which are incorporated by reference as if the same were fully set forth.

79-81. Dismissed.

## ANSWER TO FOURTH CAUSE OF ACTION

82. Defendants reallege their answers to the allegations contained in paragraphs 1 through 81 of the complaint, which are incorporated by reference as if the same were fully set forth.

83-84. Denied for lack of sufficient information and belief.

## ANSWER TO FIFTH CAUSE OF ACTION

85. Defendants reallege their answers to the allegations contained in paragraphs 1 through 84 of the complaint, which are incorporated by reference as if the same were fully set forth.

86-91. Dismissed.

## ANSWER TO SIXTH CAUSE OF ACTION

92. Defendants reallege their answers to the allegations contained in paragraphs 1 through 91 of the complaint, which are incorporated by reference as if the same were fully set forth.

93-99. Dismissed as to these defendants.

## ANSWER TO SEVENTH CAUSE OF ACTION

100. Defendants reallege their answers to the allegations contained in paragraphs 1 through 99 of the complaint, which are incorporated by reference as if the same were fully set forth.

101. Dismissed.

## ANSWER TO EIGHTH CAUSE OF ACTION

102. Defendants reallege their answers to the allegations contained in paragraphs 1 through 101 of the complaint, which are incorporated by reference as if the same were fully set forth.

103-104. Dismissed.

**AND FOR A FIRST FURTHER ANSWER AND DEFENSE** to the complaint, these defendants allege and say:

These defendants are entitled to qualified immunity, because they did not violate clearly established law. Specifically, at the time of the incident alleged in the complaint:

(1) The threshold applicability of 14th Amendment substantive due process to these defendants' involvement with plaintiffs' decedent was not clearly established; (2) if 14th amendment substantive due process applied to these defendants' involvement with plaintiffs' decedent, the proper standard to apply thereunder was not clearly established; or (3) if 14th Amendment substantive due process applied to these defendants' involvement with plaintiffs' decedent, the proper standard's application to these defendants' conduct was not clearly established. Therefore, qualified immunity bars the claims against these defendants because it would not have been clear to reasonable officials in their postion that their conduct violated plaintiffs' decedent's 14th Amendment substantive due process rights, which is pleaded in bar of any recovery by plaintiffs.

**AND FOR A SECOND FURTHER ANSWER AND DEFENSE** to the complaint, these defendants allege and say:

At all times complained of by plaintiffs, these defendants provided appropriate and suitable medical care and treatment to plaintiffs' decedent, which did not constitute a violation of decendants' 14th Amendment substantive due process rights, which is pleaded in bar of any recovery by plaintiffs.

**AND FOR A THIRD FURTHER ANSWER AND DEFENSE** to the complaint, these defendants allege and say:

At all times complained of by plaintiffs, these defendants acted in good faith in their care and treatment of plaintiffs' decedent, which is pleaded in bar of any recovery by plaintiffs.

**AND FOR A FOURTH FURTHER ANSWER AND DEFENSE** to the complaint, these defendants allege and say:

The death of plaintiffs' decedent was not proximately caused by any act or omission of these defendants, which is pleaded in bar of any recovery by plaintiffs.

**AND FOR A FIFTH FURTHER ANSWER AND DEFENSE** to the complaint, these defendants allege and say:

Plaintiffs' decedent proximately caused or contributed to his death by the use of illicit substances, which is pleaded in bar of any recovery by plaintiffs.

**AND FOR A SIXTH FURTHER ANSWER AND DEFENSE** to the complaint, these defendants allege and say:

Plaintiffs' claim for punitive damages violates the due process and equal protection clauses of the state and federal constitutions, and any excessive award or award in excess of any statutory cap would also be invalid, which is pleaded in bar of any recovery of punitive damages by plaintiffs.

**WHEREFORE**, these defendants respectfully pray the court that:

1. Plaintiffs have and recover nothing and that plaintiffs' action as to these defendants be dismissed with prejudice;

2. The costs of this action, including reasonable attorney's fees, be taxed against plaintiffs;

3. This action be tried by a jury; and

4. The court grant such other and further relief as shall be just and proper.

This is the 8th day of May, 2020.

/s/ G. Gray Wilson
G. Gray Wilson, NC Bar No. 7398
Lorin J. Lapidus, NC Bar No. 33458
Chelsea K. Barnes, NC Bar No. 53378
NELSON MULLINS RILEY & SCARBOROUGH LLP
380 Knollwood Street, Suite 530
Winston-Salem, NC  27103
Telephone: 336-774-3271
Fax: 336-774-3299
gray.wilson@nelsonmullins.com
lorin.lapidus@nelsonmullins.com
chelsea.barnes@nelsonmullins.com
*Attorneys for Defendants Guilford EMS Paramedics Ashley Abbott and Dylan Alling*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8th 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such to the following:

Graham Holt
THE LAW OFFICE OF GRAHAM HOLT
gholtpllc@gmail.com

Ben H. Elson
Christian E. Snow
G. Flint Taylor
PEOPLE'S LAW OFFICE
ben.elson79@gmail.com
christianesnow@gmail.com
flint.taylor10@gmail.com

Alan W. Duncan
Stephen McDaniel Russell, Jr.
Hillary M. Kies
TURNING POINT LITIGATION
aduncan@mullinsduncan.com
srussell@mullinsduncan.com
hkies@mullinsduncan.com

Matthew L. Mason
OFFICE OF GUILFORD COUNTY ATTORNEY
mmason@guilfordcountync.gov

/s/ G. Gray Wilson
G. Gray Wilson, NC Bar No. 7398
NELSON MULLINS RILEY & SCARBOROUGH LLP
380 Knollwood Street, Suite 530
Winston-Salem, NC 27103
Telephone: 336-774-3271
Fax: 336-774-3299
gray.wilson@nelsonmullins.com
*Attorney for Defendants Abbott and Alling*