IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARY SMITH and GEORGE SMITH, Individually, and MARY SMITH, as Administrator of the ESTATE OF MARCUS DEON SMITH, deceased, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:19cv386 |
| CITY OF GREENSBORO, *et al.,* | ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Marcus Deon Smith died after an encounter with eight City of Greensboro police officers and two Guilford County EMS paramedics. Smith's parents ("Plaintiffs") originally brought this action against the Officers, the Paramedics, and their respective employers, alleging eight counts pursuant to the Fourth and Fourteenth Amendments to the United States Constitution; Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-34; and state law claims for wrongful death and battery. (ECF No. 1 ¶¶ 68–104.) Defendants now request that the Court dismiss and enter judgment on the pleadings as to any remaining claims brought by Plaintiffs in their individual capacities and not as Administrators of Mr. Smith's estate. (ECF No. 62 at 1.) For the reasons set forth below, the Court grants this motion.

## I. BACKGROUND

The Court incorporates by reference the factual background set forth in its March 25, 2020 Order. (*See* ECF No. 58 at 2–4). Plaintiffs filed their Complaint on April 10, 2019, (*see* ECF No. 1), and Defendants subsequently filed four motions to dismiss these claims the following June, (*see* ECF Nos. 17; 20; 22; 25). The Court granted the motion filed by Defendant Guilford County and partially granted the motions filed by the Officers, Paramedics, and City of Greensboro. (*See* ECF No. 58 at 44). Presently, only Counts 1, 2, 4, and 6 remain. (*Id.*) Counts 1, 2, and 4 allege violations of § 1983. (ECF No. 1 ¶¶ 68–77; 82–84). Count 6 alleges wrongful death under North Carolina law. (*Id.* ¶¶ 92–99.)

## II. LEGAL STANDARD

A motion for judgment on the pleadings is brought pursuant to Federal Rule of Civil Procedure 12(c). Rule 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court should only grant a motion for judgment on the pleadings when "there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Zinzow v. World Ins. Co.*, No. 1:00CV00544, 2002 WL 737775, at *2 (M.D.N.C. Mar. 19, 2002) (citations omitted); *see also* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1368 (3d ed. 2004) (stating that federal courts have been "unwilling to grant a motion under Rule 12(c) unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law"). "In considering a motion for judgment on the pleadings under [Rule 12(c)], this court must view facts presented in the pleadings and

the inferences drawn therefrom in the light most favorable to the non-moving party." *Prime TV, LLC v. Travelers Ins. Co.*, 223 F. Supp. 2d 744, 748–49 (M.D.N.C. 2002) (citing 5A Wright & Miller, *supra*, at § 1386 at 590 (Supp. 2002)).

### III. DISCUSSION

The four remaining counts are, according to Defendants, each governed by state law. (ECF No. 63 at 6). They contend that Plaintiff Mary Smith, under North Carolina law, is authorized only to pursue these outstanding counts "in her official capacity [as Estate Administrator] but not in her individual capacity." (ECF No. 63 at 8). As Defendants point out, this is consistent with the findings of other federal district courts within the state. *See Boston v. Davis*, No. 3:11CV540, 2011 WL 6935710, at *3 (W.D.N.C. Dec 29, 2011); *Combs v. Ashe Cnty.*, No. 5:14-CV-136, 2016 WL 3625551, at *3–4 (W.D.N.C. July 6, 2016).

In their Response to this motion, Plaintiffs concede these arguments and clarify that they intended only to bring Count 3, alleging the deprivation of the right to familial relationships with the decedent, as individual defendants. (ECF No. 65 at 2). They argue that Defendants' motion should therefore be denied as moot given that Count 3 has been dismissed. (*Id.*) As Defendants point out in their Reply, however, the case caption and electronic docket continue to reflect multiple plaintiffs bringing this action in their individual capacities, (ECF No. 67 at 2), showing that this issue has not previously been resolved. Therefore, the Court finds that there are no issues of material fact and that Defendants are entitled to judgment as a matter of law on any outstanding claims brought by Plaintiffs in their individual capacities.

Based on the above, the Court enters the following:

# ORDER

IT IS THEREFORE ORDERED that Defendants' Joint Motion for Judgment on the Pleadings, (ECF No. 62), is GRANTED to the extent that Plaintiffs Mary Smith and George Smith seek recovery in their individual capacities.

IT IS FURTHER ORDERED that Mary Smith and George Smith, in their individual capacities only, shall be terminated as parties in this case and removed from the caption of this action.

This, the 15th day of March 2021.

/s/ Loretta C. Biggs
United States District Judge