IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Case No. 1:19-CV-386

| | |
|---|---|
| MARY SMITH, as Administrator of the ESTATE OF MARCUS DEON SMITH, deceased,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF GREENSBORO, Greensboro Police Officers JUSTIN PAYNE, ROBERT DUNCAN, MICHAEL MONTALVO, ALFRED LEWIS, CHRISTOPHER BRADSHAW, LEE ANDREWS, DOUGLAS STRADER, and JORDAN BAILEY, and Guilford EMS Paramedics ASHLEY ABBOTT and DYLAN ALLING,<br><br>Defendants. | **THE CITY OF GREENSBORO'S MOTION TO STAY THE OPERATION OF THE ORDER TO PRODUCE BODY-WORN CAMERA FOOTAGE PENDING FILING AND DISPOSITION OF OBJECTIONS**<br><br>**(EXPEDITED CONSIDERATION REQUESTED)** |

Pursuant to Local Rule 72.3, Defendant City of Greensboro (the "City"), respectfully requests that the Court stay the Order granting Plaintiff's Motion to Compel Defendant City of Greensboro to Produce Body Worn Camera Footage of Prior RIPP Hobble Incidents pending the filing and determination of objections the City intends to make pursuant to Federal Rule of Civil Procedure 72. (D.E. 96.) Pursuant to Local Rule 72.3, this motion is first made to the assigned United States Magistrate Judge. The City requests expedited consideration. In support of this Motion, the City shows the Court the following:

1. Mary Smith, as Administrator of the Estate of Marcus Deon Smith, ("Plaintiff") commenced this action with the filing of a Complaint on 10 April 2019. (D.E. 1.)

2. On 15 January 2021, Plaintiff moved to compel the City to produce body worn camera footage ("BWC") of prior incidents when a hobble restraint was used to restrain a suspect. (D.E. 84.)

3. The City responded to the motion on 5 February 2021, (D.E. 87), along with Declarations by Greensboro's Chief of Police Brian L. James, (D.E. 89), and Greensboro Police Department ("GPD") Lieutenant Adam Bell, (D.E. 88), outlining the burden on the GPD if Plaintiff's motion were to be granted. The motion and response thereto raised issues of first impression.

4. Plaintiff replied on 17 February 2021. (D.E. 91.)

5. On 28 April 2021, the Court, without a hearing, granted Plaintiff's motion in part, and ordered the City to produce BWC from 50 incidents that most closely precede 8 September 2018. (D.E. 58.) The BWC from those 50 incidents must be produced within 45 days of the Court's Order, 14 June 2021. (*Id.*)

6. Pursuant to Federal Rule of Civil Procedure 72(a), the City intends to file and serve written objections to the Order. Under Rule 72(a), the objections are due by 12 May 2021.

7. Therefore, under Local Rule 72.3, the City seeks a stay of the operation of the Order until the Court rules on the City's written objections.

8. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

9. In evaluating whether to issue a stay pending appeal, courts consider multiple factors including, "the length of the requested stay, the hardship that [] the movant would face if the motion were denied, the burden a stay would impose on the nonmovant, and whether the stay would promote judicial economy by avoiding duplicative litigation." *In re Mut. Funds Inv. Litig.*, No. 04-MD-15862, 2011 WL 3819608, at *1 (D. Md. Aug. 25, 2011).

10. The City would face significant hardship absent a stay. Although the Order described a "limited production," after an initial review by the GPD, the BWC from the 50 incidents includes at least 681 separate BWC videos from 274 officers totaling approximately 176 hours of footage. James Second Decl. ¶ 5. The file size is over 83 GB. *Id.*

11. The City respectfully submits that the Order misapprehended the burden it placed on the City and GPD related to producing this amount of BWC, by directing that the GPD does not have to act consistently with at least some of the provisions related to release of BWC found in N.C. Gen. Stat. § 132-1.4A, without a full analysis. In his Second Declaration, Chief James explains his concerns on this issue how, even under the Order, proper police practices and other statutory requirements would still require the

GPD to follow the review, notice, and redaction standard procedures he outlined in his first Declaration. *Id.* ¶ 7. Thus, the process of producing this large amount of BWC would be burdensome and disruptive to the functions of the GPD, primarily its Professional Standards Division. *Id.* ¶¶ 9-10.

12. The requested stay of the operation of the Order will likely be short. At the latest, the objections will be fully briefed and ripe for review by the Court by 2 June 2021.

13. Finally, staying the operation of the Order will not impose a major burden on Plaintiff. Any previous delay related to the outcome was determined by Plaintiff. Although the City responded to Plaintiff's requests for production on 19 August 2020, (D.E. 85-2), Plaintiff requested, for the first time, the BWC of other incidents involving the use of a hobble three months later, on 20 November 2020, (D.E. 85-4). Plaintiff did not move to compel the BWC until 15 January 2021. (D.E. 85.) Additionally, Plaintiff will not be harmed if the motion to stay is granted because even if the Court upholds the Order, the only affect being when Plaintiff receives the BWC.

14. Counsel for the City has discussed the issue of a stay of the operation of the Order with Plaintiff's counsel, and are advised that Plaintiff does not agree to this request.

15. Additional support for this motion is set forth in the accompanying brief and the Second Declaration of Chief James.

4

**WHEREFORE**, for the reasons stated herein and in the accompanying brief, the City respectfully requests that the Court stay the operation of the Order pending the filing and determination of the City's objections to it.

This the 6th day of May, 2021.

/s/ Alan W. Duncan
Alan W. Duncan (NCSB No. 8736)
Stephen M. Russell, Jr. (NCSB No. 35552)
Hillary M. Kies (NCSB No. 46176)
MULLINS DUNCAN HARRELL
   & RUSSELL PLLC
300 N. Greene St., Suite 2000
Greensboro, NC 27401
aduncan@mullinsduncan.com
srussell@mullinsduncan.com
hkies@mullinsduncan.com

*Counsel for Defendants City of Greensboro, Payne, Duncan, Montalvo, Lewis, Bradshaw, Andrews, Strader, and Bailey*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of Court through the CM/ECF system, which will send notice of filing to counsel of record.

This the 6th day of May, 2021.

/s/ Alan W. Duncan
Alan W. Duncan