IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Case No. 1:19-CV-386

| | |
|---|---|
| MARY SMITH, as Administrator of the ESTATE OF MARCUS DEON SMITH, deceased,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF GREENSBORO, Greensboro Police Officers JUSTIN PAYNE, ROBERT DUNCAN, MICHAEL MONTALVO, ALFRED LEWIS, CHRISTOPHER BRADSHAW, LEE ANDREWS, DOUGLAS STRADER, and JORDAN BAILEY, and Guilford EMS Paramedics ASHLEY ABBOTT and DYLAN ALLING,<br><br>    Defendants. | **DEFENDANTS' JOINT MOTION TO SHOW CAUSE OR FOR OTHER RELIEF WITH RESPECT TO POTENTIAL VIOLATIONS OF PROTECTIVE ORDER AND LOCAL RULES** |

Pursuant to Rule 37, Local Rule 83.10f, and the Court's inherent authority, Defendants jointly and respectfully request that the Court undertake such proceedings as are necessary to investigate potential violations of the Protective Order and of this Court's Code of Professional Responsibility by Plaintiff's counsel, including through the release of discovery materials covered by the Protective Order, and to enter appropriate sanctions, contempt findings, or other relief. In support of this motion, Defendants show the Court the following:

1. This case involves claims under 42 U.S.C. § 1983 and N.C. Gen. Stat. § 28A-18-2 allegedly arising from the death of Marcus Deon Smith following an encounter with eight Greensboro Police Officers and two Guilford County Emergency Medical Providers on 8 September 2018. Defendants include the City and current and former employees of the City and of Guilford County.

2. On 16 July 2020, the Court granted the consent motion requesting entry of the Protective Order. (Dkt. 79.) The Protective Order, which Plaintiff's counsel participated in drafting, provides that:

> <u>All information or documents disclosed in discovery</u> in this Litigation and not otherwise available to the parties, shall be used by the receiving party <u>solely for the purposes of preparation for trial, pretrial proceedings and trial of this action</u> and not in connection with any other litigation or judicial or regulatory proceeding or for any business, commercial, competitive, political, personal or other purpose until such time as the documents are filed publicly with the Court.

(Dkt. 79, ¶ 10 (emphases added).)

3. The Court has adopted the North Carolina Rules of Professional Conduct as its Code of Professional Responsibility. *See* LR 83.10e(b). Pursuant to RPC 3.6(a), "[a] lawyer who is participating … in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter."

4. Before this case was even filed, members of the "legal team" representing Plaintiff, and their associates, have engaged in a public communications campaign.

Recently, that campaign has grown to include the release of protected discovery materials to the "liaison" between the legal team and community groups, to a journalist, and to others, for a non-litigation purpose. In turn, materials released in this manner have been publicly discussed and disclosed. This accelerating campaign of public communications made directly by counsel, or with their apparent coordination, raises significant concerns about fairness, about compliance with the Court's Orders, and about compliance with the Court's Code of Professional Responsibility.

5. The next event in this pretrial publicity campaign is scheduled to occur tomorrow, 13 May 2021, when Plaintiff's counsel of record Flint Taylor is holding a press conference in Greensboro to discuss the case, including, among other things, details of an expert report and "the City's continuing refusal to admit to any wrong-doing in the Marcus Smith case."

6. Defendants' counsel have sought to investigate these issues to better understand what has occurred and the risks to a fair trial posed by the disclosures, and to develop a record for the Court's potential consideration. However, Plaintiff's counsel have refused to divulge additional details about what disclosures they have made and to whom. Nonetheless, the current record is significantly troubling. In these circumstances, the Court possesses various mechanisms to investigate more fully and to determine what next steps are appropriate to address any prior or ongoing violations, to provide appropriate relief, and to discourage future violations.

7. Defendants and their counsel take no pleasure in filing this motion and bringing these developments to the Court's attention. However, given the record already established and the lack of any indication that the public disclosures and use of discovery materials by Plaintiff's counsel and their associates will stop, the preservation of the parties' ability to have a fair trial necessitates this filing.

8. In support of this motion, Defendants are concurrently filing a supporting brief, exhibits to the brief, and the Declaration of Nancy Vaughan with additional exhibits.

9. To the extent these matters are first evaluated by the assigned United States Magistrate Judge that entered the Protective Order, the procedure for certifying the facts to the District Court are set out in 28 U.S.C. § 636(e)(6).

**WHEREFORE**, Defendants jointly and respectfully request that the Court undertake such proceedings as are necessary to investigate potential violations of the Protective Order and of this Court's Code of Professional Responsibility by Plaintiff's counsel, including through the release of discovery materials covered by the Protective Order, and to enter appropriate sanctions, contempt findings, or other relief.

This the 12th day of May, 2021.

/s/ Alan W. Duncan
Alan W. Duncan (NCSB No. 8736)
Stephen M. Russell, Jr. (NCSB No. 35552)
Hillary M. Kies (NCSB No. 46176)
MULLINS DUNCAN HARRELL
   & RUSSELL PLLC
300 N. Greene St., Suite 2000
Greensboro, NC 27401
Telephone: 336-645-3320
Facsimile: 336-645-3330
aduncan@mullinsduncan.com
srussell@mullinsduncan.com
hkies@mullinsduncan.com

*Counsel for Defendants City of Greensboro, Payne, Duncan, Montalvo, Lewis, Bradshaw, Andrews, Strader, and Bailey*


/s/ G. Gray Wilson
G. Gray Wilson, NC Bar No. 7398
Lorin J. Lapidus, NC Bar No. 33458
Chelsea K. Barnes, NC Bar No. 53378
NELSON MULLINS RILEY
   & SCARBOROUGH LLP
380 Knollwood Street, Suite 530
Winston-Salem, NC 27103
Telephone: 336-774-3271
Fax: 336-774-3299
gray.wilson@nelsonmullins.com
lorin.lapidus@nelsonmullins.com
chelsea.barnes@nelsonmullins.com

*Counsel for Defendants Abbott and Alling*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of Court through the CM/ECF system, which will send notice of filing to counsel of record.

This the 12th day of May, 2021.

/s/ Alan W. Duncan
Alan W. Duncan

6

Case 1:19-cv-00386-LCB-JLW   Document 101   Filed 05/12/21   Page 6 of 6