IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Case No. 1:19-CV-386

| | |
|---|---|
| MARY SMITH, as Administrator of the ESTATE OF MARCUS DEON SMITH, deceased,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF GREENSBORO, Greensboro Police Officers JUSTIN PAYNE, ROBERT DUNCAN, MICHAEL MONTALVO, ALFRED LEWIS, CHRISTOPHER BRADSHAW, LEE ANDREWS, DOUGLAS STRADER, and JORDAN BAILEY, and Guilford EMS Paramedics ASHLEY ABBOTT and DYLAN ALLING,<br><br>Defendants. | **BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION TO SEAL** |

Defendants joint and respectfully submit this brief in support of their motion to seal the 23 April 2021 letter from Plaintiff's counsel of record Flint Taylor to Defendants' counsel. The letter has been prospectively filed under seal as Exhibit S to the brief in support of Defendants' joint motion to show cause or for other relief with respect to potential violations of the Protective Order and Local Rules.

### NATURE OF THE MATTER BEFORE THE COURT AND BACKGROUND

This case involves claims against the City of Greensboro, eight current or former Greensboro Police Department officers (the "GPD Officers"), and two Guilford County

Emergency Medical Services personnel (the "EMS Defendants"), arising from the death of Marcus Smith after an encounter with Defendants on 8 September 2018. Following the Court's ruling on Defendants' motions to dismiss, Plaintiff's remaining claims are against the City under a *Monell* failure-to-train theory, and against the GPD Officers for alleged excessive force resulting in wrongful death. Plaintiff's sole remaining claim against the EMS Defendants asserts a federal statutory due process claim based on "deliberate indifference."

In recent weeks, counsel for the parties have discussed ongoing conduct by Plaintiff's counsel of record and their agents which appears to violate the Protective Order and the Local Rules, including the Court's Code of Professional Responsibility. *See* LR 83.10e(b). (Dkt. 79.) This conduct includes the release of discovery materials for a non-litigation purpose and pretrial public commentary with a substantial likelihood of materially prejudicing an adjudicative proceeding. Among other things, Plaintiff's counsel of record and their agents have issued press statements, held press conferences, written articles, given interviews to the media, and have released deposition transcripts and at least one expert report. These issues are discussed further in Defendants' concurrently-filed joint motion to show cause or for other relief with respect to potential violations of the Protective Order and Local Rules.

In the course of the discussions preceding the filing of the motion, Plaintiff's counsel of record Flint Taylor sent a letter to Defendants' counsel. Mr. Taylor's letter includes some discussion of the Protective Order and Plaintiff's position as to whether

2

Plaintiff's counsel of record have violated the Protective Order and the Court's Code of Professional Responsibility.  Because this letter is relevant to the matters presented in the concurrently-filed motion, Defendants have submitted it to the Court as Exhibit S.

However, the majority of Mr. Taylor's letter contains a skewed, incomplete, and incorrect presentation of discovery and deposition materials.  Among other things, the letter discusses and references discovery material that constitutes "Confidential Information" under the Protective Order.  Without delving into the substance of Mr. Taylor's discussion of discovery materials and deposition testimony in a public filing, Defendants note that the letter includes incorrect statements about the discovery process.  For example, contrary to what Mr. Taylor wrote in the letter, there were no documents marked as Exhibits 41 or 42 to Mr. Parrish's deposition, and no documents marked as Exhibits 41, 57, 60, 62, 63, 64, or 68 to Mayor Vaughan's deposition.

It appears likely that Mr. Taylor's intent in the lengthy discussion of discovery material that appears throughout the letter was to generate additional pretrial publicity about the case by using such discovery materials.  Indeed, Mr. Taylor closed the letter with a specific request to "present our letter to the full City Council for discussion, debate and vote <u>in an open session at which public comment is encouraged</u>."  (Ex. S at 11 (emphasis added).)

## QUESTION PRESENTED

Should Exhibit S be sealed, because the letter contains "Confidential Information" and appears intended for a non-litigation purpose?

3

# ARGUMENT

Mr. Taylor's letter should be sealed for several reasons. First, and most importantly, the letter is a transparent attempt to further the public campaign of pretrial commentary and release of discovery materials described in the concurrently-filed motion. Mr. Taylor does not hide his intent; he directly states that he wants the letter to be "present[ed] … <u>in an open session at which public comment is encouraged</u>." (*Id.* (emphasis added).) Placing this letter on the public record as Mr. Taylor requests would not further the "purposes of preparation for trial, pretrial proceedings and trial of this action." (Dkt. 79, ¶ 10.) Accordingly, to do so would have the effect of violating the very provision of the Protective Order that the motion is intended to vindicate. Defendants do not believe it would be appropriate to essentially sponsor a violation of Paragraph 10 or of Rule of Professional Conduct 3.6(a) in this manner.

These circumstances place Defendants between the proverbial rock and a hard place. On the one hand, Defendants want to provide a full record to the Court in connection with the motion regarding potential Protective Order and Local Rules violations. Mr. Taylor's letter is appropriately included in that record. On the other hand, Defendants do not want to unnecessarily inject nonpublic discovery material into the public record, nor do undersigned counsel seek to enable Plaintiff's counsel of record's apparent effort to use discovery material for a non-litigation purpose. The deposition and discovery materials that are the focus of Mr. Taylor's letter "are not public components of a civil trial." *Seattle Times v. Rhinehart*, 467 U.S. 20, 33 (1984).

4

Accordingly, the only way to provide the information to the Court without furthering the harm that the pending motion seeks to avoid is through sealing. Defendants are not aware of an alternative to the sealed filing of this document.

Second, the letter repeatedly discusses testimony and exhibits from a deposition that in its entirety is currently deemed "Confidential Information." Pursuant to the Protective Order, all deposition transcripts must be treated as "Confidential Information" until 30 days after the parties receive the transcript, to allow time for permanent confidentiality designations to be made. (Dkt. 79, ¶ 13.) Among the deposition testimony and exhibits that Mr. Taylor discusses most in his letter is the deposition of Greensboro City Manager David Parrish. This transcript and its exhibits remain in the 30-day confidentiality window under Paragraph 13 of the Protective Order. Accordingly, all references to and purported summaries of Mr. Parrish's testimony and exhibits are "Confidential Information." As a derivative of this "Confidential Information," Mr. Taylor's letter itself warrants that designation under Paragraph 11 of the Protective Order. (Dkt. 79, ¶ 11.) As such, the Protective Order requires filing under seal. (Dkt. 79, ¶ 19.)

Third, the letter references a number of deposition exhibits that themselves also designated as "Highly Confidential" for various reasons when they were produced by the City. Plaintiff has not challenged those designations. Because those designations have not been challenged nor any challenge adjudicated, the documents are treated as

5

"Confidential Information," as must Mr. Taylor's letter which summarizes portions of the documents, for purposes of a court filing. (Dkt. 79, ¶¶ 11, 19.)

Fourth, as noted above, the letter includes false information about what documents were and were not used as deposition exhibits. A sealed filing of the letter avoids the potential need to engage in public corrective information that would potentially reveal the substance of discovery materials, which is consistent with the letter and spirit of the Protective Order and RPC 3.6(a).

## CONCLUSION

For these reasons, Defendants respectfully request that the Court accept and maintain Exhibit S under seal.

This the 12th day of May, 2021.

/s/ Alan W. Duncan
Alan W. Duncan (NCSB No. 8736)
Stephen M. Russell, Jr. (NCSB No. 35552)
Hillary M. Kies (NCSB No. 46176)
MULLINS DUNCAN HARRELL
   & RUSSELL PLLC
300 N. Greene St., Suite 2000
Greensboro, NC 27401
Telephone: 336-645-3320
Facsimile: 336-645-3330
aduncan@mullinsduncan.com
srussell@mullinsduncan.com
hkies@mullinsduncan.com

*Counsel for Defendants City of Greensboro, Payne, Duncan, Montalvo, Lewis, Bradshaw, Andrews, Strader, and Bailey*

6

/s/ G. Gray Wilson
G. Gray Wilson, NC Bar No. 7398
Lorin J. Lapidus, NC Bar No. 33458
Chelsea K. Barnes, NC Bar No. 53378
NELSON MULLINS RILEY
   & SCARBOROUGH LLP
380 Knollwood Street, Suite 530
Winston-Salem, NC 27103
Telephone: 336-774-3271
Fax: 336-774-3299
gray.wilson@nelsonmullins.com
lorin.lapidus@nelsonmullins.com
chelsea.barnes@nelsonmullins.com

*Counsel for Defendants Abbott and Alling*

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of Court through the CM/ECF system, which will send notice of filing to counsel of record.

This the 12th day of May, 2021.

/s/ Alan W. Duncan
Alan W. Duncan
