IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CASE NO. 1:19-CV-386

| | |
|---|---|
| MARY SMITH, as Administrator of the ESTATE OF MARCUS DEON SMITH, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF GREENSBORO, Greensboro Police Officers JUSTIN PAYNE, ROBERT DUNCAN, MICHAEL MONTALVO, ALFRED LEWIS, CHRISTOPHER BRADSHAW, LEE ANDREWS, DOUGLAS STRADER, and JORDAN BAILEY, and Guilford EMS Paramedics ASHLEY ABBOTT and DYLAN ALLING,<br><br>    Defendants. | **CITY OF GREENSBORO'S MOTION FOR SUMMARY JUDGMENT** |

Defendant City of Greensboro (the "City"), pursuant to Rule 56, respectfully requests that the Court enter summary judgment for it on Plaintiff's remaining claim. In support of this motion, the City shows the Court the following:

1. After the Court's rulings on Rule 12(b)(6) and 12(c) motions, there is one remaining Plaintiff and one claim against the City. (Dkt. 58 at 20-31; Dkt. 92.) Specifically, Plaintiff's remaining claim alleges a violation of 42 U.S.C. § 1983 and municipal liability under a *Monell* failure-to-train theory. After extensive fact and expert discovery, discovery closed and this matter is ripe for summary judgment.

2. Plaintiff Mary Smith is the mother of Marcus Deon Smith. Mrs. Smith has been appointed as the Administrator of the Estate of Marcus Deon Smith.

3. On 8 September 2018 around 12:40 AM, Greensboro Police Department ("GPD") officers observed Mr. Smith running frantically in traffic in Downtown Greensboro, near the intersection of Church and Market Streets. Additional GPD officers and Guilford County Emergency Medical Services personnel arrived on the scene. The Officers sought to de-escalate the situation and eventually restrained Mr. Smith with handcuffs and a hobble restraint, although the restraints were quickly removed when Officers observed a change in Mr. Smith's condition. The EMS personnel provided emergency medical assistance to Mr. Smith and transported him to the hospital. Mr. Smith later passed away in the emergency department.

4. Mr. Smith was 38 years old and had lived in and around Greensboro for approximately eight years, with periods of incarceration. Mr. Smith experienced homelessness throughout his time in Greensboro. He had drug and alcohol abuse issues, had untreated mental health issues, and had expressed suicidal ideations. (Ex. CC 40, 74, 300-302, 306-07.) Mr. Smith's health issues had recently intensified. Among others, he had an incident of similar behavior at the Interactive Resource Center, the day shelter he frequented, in June 2018. (*Id.* 60-62, 74, 306-07.) He also exhibited similar behavior when treated by Defendant Abbott in a separate incident in June 2018. (Ex. U 93-113.) There were other incidents in April, May, and June 2018. (*Id.* 58-64, 77-83, 86-93, 119-126; *see also* Ex. D 5 (reporting Smith "had a history of hypertension, smoking, and

alcoholism," "was known to use cocaine and 'molly,' a term that typically refers to MDMA, or 'ecstasy,'" and "had previously been hospitalized for combativeness or substance-induced delirium following drug use including methamphetamine, cocaine, and 'molly.'").)

5. The proceedings in Guilford County regarding the determination of Mr. Smith's heirs have not concluded. This determination is critical for two reasons. First, under the North Carolina's Wrongful Death Act, which applies to the Section 1983 claim, "the 'real party in interest' is not the personal representative, who is simply the person permitted to bring the cause of action, but 'the beneficiary for whom the recovery is sought.'" *Taylor v. Norfolk S. Ry. Co.*, 86 F. Supp. 3d 448, 462 (M.D.N.C. 2015) (quoting *DiDonato v. Wortman*, 358 S.E.2d 489, 491 (N.C. 1987)). Second, final determination of Mr. Smiths' heirs is a prerequisite to applying the Wrongful Death Act, because central components of wrongful death damages require the specific consideration of the decedent's heir(s) – or to use the statute's language, "the persons entitled to the damages recovered." N.C. Gen. Stat. § 28A-18-2(b)(4). (*See also* Dkt. 132 (more fully discussing issues presented by the uncertain status of Smith's heirs).)

6. Mrs. Smith previously represented to the Guilford County Clerk and to this Court that she and her husband George Smith were Mr. Smith's sole heirs. (Dkt. 1 ¶ 7; Dkt. 61-1 at 4.) But if Mr. Smith had children who are determined to be heirs, they would be entitled to all of the proceeds of any recovery in this case. *See* N.C. Gen. Stat. §§ 29-15(1), (2), (3). Plaintiff recently admitted in a supplemental discovery response

3

that Mr. Smith acknowledged two children, one of whom is still a minor. (*See* Ex. O, No. 2.)

7. Pursuant to Local Rule 56.1(a), the City timely filed notice of intent to file dispositive motions. (Dkt. 144.)

8. There are no genuine disputes of material fact, and the City is entitled to judgment as a matter of law. Discovery has significantly expanded and sharpened the factual record regarding the events of 8 September 2018 and, as relevant here, the training provided by the Greensboro Police Department prior to the encounter with Mr. Smith. It is now undisputed that Greensboro offered extensive training on use of a hobble restraint and other prone restraint techniques, positional asphyxiation, excited delirium, and other relevant issues. Plaintiff's arguments rely primarily on her police practices designee, Scott DeFoe, but Mr. DeFoe could not offer competent testimony that could establish a failure-to-train. On the factual record, no reasonable jury could find that the City failed to train its officers, much less that it was deliberately indifferent. As such, the City is entitled to summary judgment.

9. In support of this motion, the City is concurrently filing a supporting brief. The City also incorporates by reference the Officers' summary judgment brief, based on the interrelated nature of the claims remaining in this case.

10. In support of this motion, the City is submitting the exhibits separately filed in the Consolidated Exhibits for the City of Greensboro and GPD Officers' Summary Judgment Motions.

11. The exhibits include the BWC recordings from 8 September 2018, marked as Exhibits A1 through A20. It is appropriate for the Court to review BWC recordings at summary judgment, including by determining whether a reasonable jury could accept Plaintiff's version of what occurred during the encounter. *See, e.g.*, *Scott v. Harris*, 550 U.S. 372, 378-80 (2007). (Dkt. 58 at 7.)

12. The exhibits also included annotated screenshots from the BWC recordings, to assist the Court in identifying the positioning and actions of the Officers at various points in the encounter. The screenshot are marked as Exhibit B.

13. For documentary exhibits, page citations in the brief use either the document's internal pagination or the bates number.

14. Two exhibits in the consolidated set (Exhibits OO and PP) are prospectively filed under seal, as discussed further in the accompanying motion to seal and brief. A redacted version of Exhibit PP is publicly-filed.

**WHEREFORE**, for these reasons, Defendant City of Greensboro respectfully requests that the Court enter summary judgment in its favor on Plaintiff's *Monell* failure-to-train claim.

This the 7th day of September, 2021.

/s/ Alan W. Duncan
Alan W. Duncan
N.C. State Bar No. 8736
Stephen M. Russell, Jr.
N.C. State Bar No. 35552
Hillary M. Kies
N.C. State Bar No. 46176
MULLINS DUNCAN
  HARRELL & RUSSELL PLLC
300 N. Greene St., Suite 2000
Greensboro, NC 27401
Telephone: 336-645-3320
Facsimile: 336-645-3330
aduncan@mullinsduncan.com
srussell@mullinsduncan.com
hkies@mullinsduncan.com

*Counsel for Defendants City of Greensboro, Justin Payne, Robert Duncan, Michael Montalvo, Alfred Lewis, Christopher Bradshaw, Lee Andrews, Douglas Strader, and Jordan Bailey*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of Court through the CM/ECF system, which will send notice of filing to counsel of record.

This the 7th day of September, 2021.

/s/ Alan W. Duncan
Alan W. Duncan