# Exhibit  A

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims (the "Agreement") is made and entered into by and between Mary Smith, individually ("Mary Smith"), Mary Smith in her capacity as the Administrator of the Estate of Marcus Deon Smith (the "Estate" or the "Estate of Marcus Deon Smith"), George Smith, A.D., by and through her Guardian *ad Litem* Betty Toussaint, K.S., by and through her Guardian *ad Litem* Betty Toussaint, Marquis Smith, the City of Greensboro (the "City"), Lee Andrews ("Andrews"), Jordan Bailey ("Bailey"), Christopher Bradshaw ("Bradshaw"), Robert Duncan ("Duncan"), Alfred Lewis ("Lewis"), Michael Montalvo ("Montalvo"), Justin Payne ("Payne"), Douglas Strader ("Strader"), Guilford County (the "County"), Ashley Abbott ("Abbott"), and Dylan Alling ("Alling"). Each person is a "Party," and all signatories are collectively referred to herein as the "Parties." Mary Smith and George Smith are collectively referred to herein as the "Parents." Marquis Smith, A.D., and K.S. are collectively referred to herein as the "Children" and individually as a "Child." A.D. and K.S. are the minors identified in the Order of 22 June 2020 appointing the Guardian *ad Litem*. Andrews, Bailey, Bradshaw, Duncan, Lewis, Montalvo, Payne, and Strader are collectively referred to herein as the "Officers." Abbott and Alling are collectively referred to herein as the "Paramedics."

## W I T N E S S E T H:

WHEREAS, Marcus Deon Smith was pronounced dead, intestate, at Moses H. Cone Memorial Hospital on 8 September 2018;

WHEREAS, on 8 March 2019, Mary Smith was appointed as Administrator of the Estate of Marcus Deon Smith;

WHEREAS, on 10 April 2019, Parents and the Estate filed the lawsuit captioned *Mary Smith and George Smith, Individually, and Mary Smith as Administrator of the Estate of Marcus Deon Smith, deceased, Plaintiffs, v. City of Greensboro, Guilford County, Greensboro Police Officers Justin Payne, Robert Duncan, Michael Montalvo, Alfred Lewis, Christopher Bradshaw, Lee Andrews, Douglas Strader, and Jordan Bailey, and Guilford EMS Paramedics Ashley Abbott and Dylan Alling*, in the United States District Court for the Middle District of North Carolina, Case No. 1:19-CV-386 (the "Lawsuit"), asserting claims under 42 U.S.C. § 1983, the Americans with Disabilities Act, and under North Carolina law for wrongful death and battery;

WHEREAS, on 25 March 2020, the Court dismissed all claims against Guilford County, granted a Fed. R. Civ. P. 12(b)(6) motion to dismiss as to some of the claims against the City, Officers, and Paramedics, and denied the motion to dismiss as to other claims;

WHEREAS, on 15 March 2021, the Court entered judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) against the Parents on the claims asserted in their individual capacities;

WHEREAS, Parents are the surviving parents of Marcus Deon Smith;

WHEREAS, Marquis Smith and A.D. are surviving children of Marcus Deon Smith;

WHEREAS, K.S. is a surviving child of Marcus Deon Smith to the best of the Parties' knowledge and information;

WHEREAS, on 6 May 2019 and 16 August 2019, Marquis Smith's mother filed documents with the Guilford County Clerk of Superior Court asserting that Marquis Smith has a legal entitlement to a portion of the proceeds of the Lawsuit;

WHEREAS, on 22 June 2020, the Guilford County Assistant Clerk of Superior Court duly appointed Betty Toussaint to serve as Guardian *ad Litem* for A.D. and K.S.;

WHEREAS, on 14 June 2021, A.D., through her Guardian *ad Litem*, moved to intervene in the Lawsuit, which motion remains pending;

WHEREAS, the Guardian *ad Litem* has not yet been able to locate or communicate with K.S. or K.S.'s mother or other guardian;

WHEREAS, the Interactive Resource Center ("IRC") is a day shelter for people experiencing homelessness in Downtown Greensboro, and along with its staff and clients was an important part of Marcus Deon Smith's life;

WHEREAS, the Parents, Estate, City, County, Officers, and Paramedics have engaged in mediation discussions with the aid of a court-appointed third-party neutral, and have recently continued those discussions with the involvement of the Children through their legal representative;

WHEREAS, as a result of the mediation discussions, the Parties reached agreement in principle on the terms for a resolution of the Lawsuit and related issues to present to the Greensboro City Council (the "Term Sheet"), subject to approval by the Greensboro City Council;

WHEREAS, the Greensboro City Council approved the Term Sheet on 1 February 2022;

WHEREAS, following the City Council's approval of the Term Sheet, the City released the following joint statement with the Parents as set forth in the Term Sheet:

**Joint Statement by the City of Greensboro and Mary and George Smith Regarding Agreement to Settle Lawsuit**

The City of Greensboro and the family of Marcus Deon Smith have reached an agreement to resolve the lawsuit brought by the Estate of Marcus Deon Smith. Importantly to these parties, the total settlement of $2,570,000 (the majority of which will be paid by the City of Greensboro and the remainder by Guilford County) will financially benefit both the parents of Marcus Deon Smith and his children, and will formally acknowledge with a commemorative plaque that Marcus Deon Smith's life mattered. These parties will soon request judicial

approval of the settlement and dismissal of the lawsuit, without any findings of wrongdoing or liability. After the settlement is concluded, these parties intend to move forward in the spirit of respect and reconciliation.

WHEREAS, the Parties now desire to settle fully and finally all claims that have been or could be the subject of the Lawsuit and any litigation or disagreements between the Parents, Estate, and Children on the one hand, and the City, County, Officers, and Paramedics on the other hand;

WHEREAS, the Parents and Children now desire to settle fully and finally their respective statuses as the real parties in interest and beneficiaries of any recovery for claims purportedly arising from the death of Marcus Deon Smith;

NOW, THEREFORE, in consideration of the promises and payments set forth below, the sufficiency of which is hereby expressly acknowledged, the Parties hereby agree as follows:

1. **Effective Date.** The Effective Date of this Agreement shall be the date on which the latter of the United States District Court for the Middle District of North Carolina or the State Court (as defined below) approve the settlement pursuant to the terms of Paragraphs 8 and 9.

2. **Payment.** The sum of Two Million Five Hundred Seventy Thousand and 00/100 Dollars ($2,570,000.00) (the "Settlement Amount") will be paid, in part by the City ($2,220,000.00) and in part by the County ($350,000.00), as allocated and set forth below:

    a. **Timing.** The payments shall be made within 60 days of the Effective Date.

    b. **Payment to or for benefit of Children.** The sum of One Million Three Hundred Fifty Thousand and 00/100 Dollars ($1,350,000.00) shall be allocated in equal portions to, or for the benefit of, each Child, as set forth in detail in Paragraph 3. The City, County, Officers, and Paramedics shall

have no other obligation to pay the Children anything in connection with the Lawsuit (including the facts and circumstances alleged in the Lawsuit), the death of Marcus Deon Smith, or this Agreement.

c. **Payment for IRC Plaque.** The sum of Ten Thousand and 00/100 Dollars ($10,000.00) shall be paid to the IRC (or in such other manner as the IRC and City may agree) for installation of a plaque in the front courtyard of the IRC reciting that "This courtyard is named and dedicated in loving memory of Marcus Deon Smith with funds for this dedication provided as an expression of respect and reconciliation by the City of Greensboro."

d. **Payment to Parents and Estate.** The sum of One Million Two Hundred Ten Thousand and 00/100 Dollars ($1,210,000.00) will be paid to the People's Law Office Trust Account, to be split between the Parents, Estate, and the Parents' and Estate's counsel as all of them shall agree. The Parents' and Estate's counsel shall have no right to recover expenses and attorneys' fees, including without limitation expenses associated with expert witnesses, from any portion of the Settlement Amount other than the allocation to the Parents and Estate set forth in this subparagraph. The City, County, Officers, and Paramedics shall have no other obligation to pay anything to the Parents, Estate, or the Parents' and Estate's counsel, or for their benefit, including without limitation expenses, attorneys' fees, and expenses associated with expert witnesses, in connection with the Lawsuit (including the facts and circumstances alleged in the Lawsuit), the death of Marcus Deon Smith, or this Agreement. The County's

$350,000.00 payment obligation under this Agreement shall be made as part of the $1,210,000.00 to be paid pursuant to this subsection, with the City to pay the remaining $860,000.00 due under this subsection. Upon making that payment, the County shall have no further payment obligation under this Agreement; all other payments due under this Agreement shall be made by the City.

3.    **Children.**   The following provisions apply with respect to the payments to the Children set forth in Paragraph 2.b and the effort to identify and locate K.S.:

a.    **Locating K.S.**   The Parties will cooperate with reasonable efforts by the Guardian *ad Litem* to identify and locate K.S. To the extent any Party has or learns any information about the identity or location of K.S. or K.S.'s mother or other guardian, that to the Party's knowledge has not already been provided to the Guardian *ad Litem*, the Party shall promptly provide such information to the Guardian *ad Litem* in writing.

b.    **Reporting.**   No later than six months after the Effective Date, and no later than every six months thereafter, the Guardian *ad Litem* shall report to the other Parties, through their counsel, on the status of her efforts to identify and locate K.S., on the fees and expenses associated with her work on K.S.'s behalf, and on the balance of the Deposited Funds (as defined below). In addition, the Guardian *ad Litem* shall serve on all Parties, through their counsel, copies of any court filings made on behalf of any of the Children.

c.   **Initial Payments for Marquis Smith and A.D.**  Within 60 days of the Effective Date, the sum of Four Hundred Fifty Thousand and 00/100 Dollars ($450,000.00) shall be paid to Marquis Smith, via a payment to the Toussaint Law, PLLC Trust Account.  Within 60 days of the Effective Date, the sum of Four Hundred Fifty Thousand and 00/100 Dollars ($450,000.00) shall be paid for the benefit of A.D., via a payment to the Toussaint Law, PLLC Trust Account for use pursuant to Paragraph 3.g.

d.   **Deposit of Remaining Funds.**  Within 60 days of the Effective Date, the sum of Four Hundred Fifty Thousand and 00/100 Dollars ($450,000.00) shall be paid to the Guilford County Clerk of Superior Court, or to such other person or entity as the State Court may direct or as the Parties may otherwise agree in the absence of an applicable State Court order (the "Deposited Funds").  The Deposited Funds shall be held pending further distribution in accordance with the terms of this Agreement.  Any interest earned on the Deposited Funds shall be added to the balance of the Deposited Funds.  Any reasonable expenses associated with the Deposited Funds shall be deducted from the Deposited Funds.  Any and all fees and expenses of the Guardian *ad Litem* associated with her work on behalf of K.S., including without limitation her work to identify and locate K.S., shall be judicially approved and deducted exclusively from the Deposited Funds as set forth in Paragraph 3.h.

e.   **Payment of Deposited Funds if K.S. is Located.**  If the Guardian *ad Litem* identifies and locates K.S. prior to A.D.'s 18th birthday, then the

balance of the Deposited Funds shall be distributed, promptly after the identification and location of K.S. and after any necessary court approvals have been obtained, for the benefit of K.S. (less any judicially approved fees and expenses of the Guardian *ad Litem* associated with her work on behalf of K.S., including without limitation her work to identify and locate K.S.).

f.   **Payment of Deposited Funds if K.S. is Not Located.**  If the Guardian *ad Litem* is not able to identify and locate K.S. prior to A.D.'s 18th birthday, then promptly after A.D.'s 18th birthday and after any necessary court approvals have been obtained, the balance of the Deposited Funds shall be distributed in equal amounts to Marquis Smith and A.D. (less any judicially approved fees and expenses of the Guardian *ad Litem* associated with her work on behalf of K.S., including without limitation her work to identify and locate K.S.).

g.   **Trust Option.**  Except as specifically set forth in this Agreement, payments to the Children may be made directly to each Child if they are at least 18 years old, or to the Toussaint Law, PLLC Trust Account on the Child's behalf for establishment of a trust or trusts for the Child's benefit, as may be determined by the State Court with respect to minors.

h.   **Children's Fees and Expenses.**  In no event shall any other Party be responsible for any fees or expenses incurred by any Child or incurred by the Guardian *ad Litem* (in her capacity as Guardian *ad Litem* and as counsel for Marquis Smith), nor shall any other Party be responsible for

reimbursing or advancing any such fees or expenses. Marquis Smith shall be responsible for any fees and expenses incurred by his counsel for representing his interests, and shall be responsible for his portion of the Cone Claim (as defined below) as set forth in Paragraph 12. Any judicially approved fees and expenses of the Guardian *ad Litem* associated with her work on behalf of A.D. may be deducted from the share of that Child. Any judicially approved fees and expenses of the Guardian *ad Litem* associated with her work on behalf of K.S., including without limitation her work to identify and locate K.S., may be deducted from the Deposited Funds. The Guardian *ad Litem* may seek judicial approval of fees and expenses for her work on behalf of A.D. and K.S. at such time(s) as she determines to be appropriate, unless otherwise directed by the State Court. Subject to judicial approval, the share allocated to A.D. and the Deposited Funds respectively shall be used to satisfy A.D.'s and K.S.'s portions of the Cone Claim as set forth in Paragraph 12.

    i.    **Representation of Marquis Smith.** The Parties do not object to the Guardian *ad Litem*'s representation of Marquis Smith in connection with this settlement, as has been agreed by the Guardian *ad Litem* and Marquis Smith.

4.    **Release and Discharge.** In consideration of the aforesaid payments and the other terms of this Agreement, the Parties agree to the following:

    a.    **Release by Parents and Estate.** The Parents, on behalf of themselves, their heirs, assigns, attorneys, successors, executors, and administrators,

and the Estate of Marcus Deon Smith and its heirs, assigns, attorneys, successors, and administrators (collectively the "Parent Releasors"), do hereby fully release, remise, and forever discharge the City, County, Officers, and Paramedics, including their current and former attorneys, agents, employees, officials, elected officials, heirs, servants, representatives, predecessors, successors, parents, subsidiaries, affiliates, insurers, and assigns (the "Released Parties") from any and all claims, demands, actions, or causes of action which have arisen or could have arisen from the beginning of time through the Effective Date, including without limitation all claims that have been, or could have been, asserted in the Lawsuit, and all claims and liability related in any way to the death of Marcus Deon Smith and any other subsequent events arising from the death of Marcus Deon Smith.

    b.    **Release by Children.** The Children, on behalf of themselves, their heirs, assigns, attorneys, successors, executors, and administrators (the "Children Releasors"), do hereby fully release, remise, and forever discharge the Released Parties from any and all claims, demands, actions, or causes of action which have arisen or could have arisen from the beginning of time through the Effective Date, including without limitation all claims that have been, or could have been, asserted in the Lawsuit, and all claims and liability related in any way to the death of Marcus Deon Smith and any other subsequent events arising from the death of Marcus Deon Smith.

c.    **Covenant Not to Sue.**  After the Effective Date, the Parent Releasors and the Children Releasors covenant not to sue or otherwise participate in any civil action or administrative proceeding of any kind against the Released Parties at any time in the future with regard to the death of Marcus Deon Smith, any subsequent events arising from the death of Marcus Deon Smith, or the events described in the Lawsuit.  In the event of a breach of this covenant not to sue clause, the Parent Releasors or Children Releasors who caused such breach agree to indemnify the Released Parties for all costs and expenses of litigation or administrative proceedings, including reasonable attorneys' fees.  This subparagraph shall not be construed to prohibit any Party from bringing suit solely to enforce the terms of this Agreement in the event of a breach thereof.

d.    **Resolution of Estate Issues.**  The Parents, the Estate, and the Children agree that the allocation of the Settlement Amount as set forth in Paragraphs 2 and 3 constitutes a binding agreement between and among them and that they will not pursue any legal or other action to alter or amend this allocation in any way.  The Parties agree that judicial approval of this settlement as set forth in Paragraphs 8 and 9 will permanently resolve any questions about the Children's and Parents' status as legal heirs or beneficiaries of the Estate of Marcus Deon Smith or as the real parties in interest and beneficiaries with respect to the proceeds of any claims arising from the death of Marcus Deon Smith, including without

limitation with respect to the Settlement Amount and the proceeds of the Lawsuit.

5. **Unknown Claims.** The Parties expressly understand, acknowledge, and assume the risk that claims and/or liabilities may exist but presently are unknown or that losses resulting from such claims or liabilities may be presently unknown or overestimated or underestimated in amount or severity, and that the Parties have taken the possibility of the unknown, underestimated, or overestimated claims and liabilities into account in entering into this Agreement. Each Party understands the provisions of this Paragraph and knowingly and voluntarily enters into this Agreement with the intention that the releases and discharges set out in Paragraph 4 include any and all present and future, foreseen and unforeseen, known and unknown claims and causes of action (including without limitation as to the City's current and former employees, the County's current and former employees, the Officers, and the Paramedics). Each Party acknowledges and agrees that this Paragraph is an essential and material term of this Agreement, and that, without such Paragraph, that Party would not have entered into this Agreement.

6. **No Admission of Liability.** This Agreement does not constitute and is not to be construed as an acknowledgment of wrongdoing, liability, responsibility, or damages on the part of any Released Party, whether arising under contract, law, or equity, liability and damages being expressly denied. The City, County, Officers, and Paramedics are entering into this Agreement solely for the purpose of terminating the controversy between the parties and avoiding the expense and inconvenience of further litigation.

7. **Preserving Individuals' Employment Status.** The undersigned attorneys of record for Mary Smith will counsel her not to call for the termination of employment of the

Officers, Paramedics, or any other past or current employee of the City or County. Moreover, Mary Smith and her counsel specifically acknowledge that the settlement of this litigation should not negatively impact the employment status of the Officers, Paramedics, or any other past or current employee of the City or County.

8. **Judicial Approval – Federal Court.** The Parties shall file a joint motion in the United States District Court for the Middle District of North Carolina requesting judicial approval of the settlement, within 14 days of the date on which the last Party executes this Agreement or as soon thereafter as the Parties agree on the form of the filings. The Parties will cooperate in the drafting of the motion and any proposed order or other necessary filings. The Parties agree that the Guardian *ad Litem* and Marquis Smith have standing to appear in such court proceedings for the purpose of seeking approval of the settlement. The approval of this settlement by the United States District Court for the Middle District of North Carolina is a condition precedent to all other provisions of this Agreement. In the event the Court does not approve the settlement, then the remainder of this Agreement will not become effective unless and until the Parties specifically agree to ratify or modify the Agreement, and the Parties shall engage in further discussions with the mediator's assistance to resolve any then-existing issues in that event.

      a. **Dismissal with Prejudice.** The federal court motion for judicial approval shall also request that the Court dismiss with prejudice all claims brought in the Lawsuit against the City, County, Officers, and Paramedics, pursuant to Fed. R. Civ. P. 41(a)(2) immediately after the settlement is approved by the federal court and the State Court. The Parties further agree to stipulate to dismissal with prejudice of all claims brought in the

Lawsuit against the City, County, Officers, and Paramedics, pursuant to Fed. R. Civ. P. 41(a)(1)(a)(ii), and to file such a stipulation of dismissal within three business days of the Effective Date, if the federal court's order does not itself dismiss all claims brought in the Lawsuit with prejudice.

b.  **Sealing and Striking Filings.**  In a separate filing with the federal court, the parties shall request that the Court rule on the pending motions to seal in such a manner that all filings submitted under temporary seal will be permanently sealed on the Lawsuit's docket.  The filing will reflect that the Estate does not oppose permanent sealing of the temporarily-sealed filings, and that it withdraws its requests to unseal temporarily-sealed filings.  The filing will also reflect that the City, Officers, and Paramedics withdraw their requests to strike exhibits from the Lawsuit's docket, so long as the filings submitted under temporary seal are permanently sealed.

c.  **Other Pending Motions.**  Except as specifically set forth in the preceding subparagraphs, the Parties agree that the motions pending in the Lawsuit should be denied as moot.

9.  **Judicial Approval – State Court.**  The Parties shall file a joint motion with the Clerk of Superior Court for Guilford County, North Carolina requesting judicial approval of the settlement, within 21 days of the last date on which a Party executes this Agreement or as soon thereafter as the Parties agree on the form of the filings.  The Parties will cooperate in the drafting of the motion and any proposed order or other necessary filings.  The Parties agree that the City, County, Officers, and Paramedics have standing to appear in such court proceedings for

the purpose of seeking approval of the settlement.  The approval of this settlement by the Clerk (or, upon the Clerk's order to transfer the matter, by the General Court of Justice in Guilford County, North Carolina) (collectively, the "State Court") is a condition precedent to all other provisions of this Agreement.  In the event that the State Court does not approve the settlement, then the remainder of this Agreement will not become effective unless and until the Parties specifically agree to ratify or modify the Agreement, and the Parties shall engage in further discussions with the mediator's assistance to resolve any then-existing issues in that event.

10.     **Protective Order.**  The Protective Order (Dkt. 79) entered by the Court shall remain in full force and effect.  The Parties and counsel of record shall comply with the requirements of Paragraph 21 of the Protective Order within 30 days of the later of the Effective Date or the date on which the federal court resolves the pending issues concerning the sealing of filed documents as described in Paragraph 8.b, including without limitation by taking those steps necessary to ensure that any experts and consultants have complied with the applicable provisions.

11.     **Fees and Costs.**  It is understood and agreed that the Settlement Amount is inclusive of all third-party liens, damages, litigation expenses, expert witness fees, interest, counsel fees, Guardian *ad Litem* fees, insurance coverage, and any costs whatsoever that could be chargeable to any Released Party.  The mediator's fee shall be paid by the City.  Otherwise, each Party shall bear his, her, or its own costs and attorneys' fees incurred in connection with the Lawsuit (including the facts and circumstances alleged in the Lawsuit), the death of Marcus Deon Smith, this Agreement, all matters referred to herein, and all related matters.

12.     **No Other Liens or Claims.**  The Parent Releasors and Children Releasors warrant and represent that there are no other claims by themselves or others and no liens or

claims for any expense or any other lien or claim of any kind or character related to or arising out of the claims that are the subjects of the Lawsuit (including the facts and circumstances alleged in the Lawsuit), the death of Marcus Deon Smith, or this Agreement, other than a claim in the amount of $10,504.97 filed with the Guilford County Clerk of Superior Court by the Moses Cone Health System on or about 10 April 2019 (the "Cone Claim"). The Parents and Estate agree to take all steps necessary to resolve the Cone Claim, within 30 days of receipt of the portion of the Settlement Amount specified in Paragraph 2.d, with each individual Parent and Child paying equal 20 percent shares of any monies due in connection with the Cone Claim.

13. **No Other Payments to be Made.** The Parent Releasors and Children Releasors understand and acknowledge that the Settlement Amount is all the monies and property ever to be paid as a result of or in any way arising out of or connected with the Lawsuit (including the facts and circumstances alleged in the Lawsuit), the death of Marcus Deon Smith, or this Agreement. The Parent Releasors agree that they will be fully responsible for payment of any additional medical expenses, hospital liens, and subrogation liens (in the unlikely event that there should be any in addition to the Cone Claim). The Parent Releasors shall be fully responsible for payment of any legal fees, court costs, estate administration expenses, and any other expenses, past, present, or future, incurred by or on behalf of the Parent Releasors (including the Estate of Marcus Deon Smith) and related to or in any way arising from or connected with the Lawsuit (including the facts and circumstances alleged in the Lawsuit), the death of Marcus Deon Smith, or this Agreement. The Children Releasors shall be fully responsible for payment of any legal fees, court costs, and any other expenses, past, present, or future, incurred by or on behalf of the Children Releasors and related to or in any way arising from or connected with the Lawsuit (including the facts and circumstances alleged in the Lawsuit), the death of Marcus Deon Smith,

or this Agreement. The Parent Releasors will defend, indemnify, and reimburse the Released Parties for any amounts that the Released Parties pay to satisfy any legally enforceable lien or assignment attaching to the proceeds of the settlement referenced herein.

14. **Complete Release and Integration.** It is understood and agreed that this is a full, final, and complete release by the Parent Releasors and Children Releasors. The terms of this Agreement may not be changed orally. The Parent Releasors and Children Releasors further agree and acknowledge that this written Agreement sets forth all of the terms and conditions between them and the Released Parties concerning the subject matter of this Agreement, superseding all prior oral and written statements and representations (including, without limitation, the Term Sheet), and that there are no terms or conditions between the Parties except as specifically set forth in this Agreement.

15. **Authority to Execute Agreement.** Each signatory to this Agreement represents and warrants that he/she is authorized to execute this Agreement and to fully release any and all claims within the scope of Paragraph 4 and to covenant not to sue. Each signatory further represents and warrants that he/she has the full power and authority to review and execute this Agreement and to be bound by its terms (or, in the case of corporate parties, to bind the corporate party by this Agreement). Each Party represents and warrants that no other person or entity has any rights or interests in the claims and items hereby released by way of assignment or otherwise. The Parties agree that Mary Smith is the duly appointed Administrator of the Estate of Marcus Deon Smith and is authorized to execute this Agreement on behalf of the Estate and to fully release any and all claims within the scope of Paragraph 4.a and to covenant not to sue as set forth in Paragraph 4.c. The Parties agree that Betty Toussaint is the duly appointed Guardian *ad Litem* for A.D. and K.S. and is authorized to execute this Agreement on their behalf and to

fully release any and all claims within the scope of Paragraph 4.b and to covenant not to sue as set forth in Paragraph 4.c.

16. **Drafting of Document; Reliance and Tax Indemnity.** This Agreement has been jointly drafted by counsel for the Parties. Each Party warrants, represents, and agrees that he/she/it is not relying on the advice of any other Party or any other Party's attorneys, including as to the legal and/or income tax consequences of this Agreement. The Parent Releasors and Children Releasors hereby release and discharge the Released Parties from any and all claims, rights, damages, and costs of any nature whatsoever that may hereinafter arise by reason of the legal or income tax consequences of this Agreement.

17. **Representation of Comprehension of Agreement.** Each Party acknowledges that he/she/it has read this Agreement and has had the advice of counsel, and that no promise or representation of any kind, except as herein expressly set forth, has been made by any Released Party or anyone acting on behalf of any Released Party. Each Party has relied fully and completely on his/her/its own judgment and the advice of counsel in executing this Agreement.

18. **Other Documents.** Each Party and their counsel agree to execute any other documents necessary to effectuate fully the terms of this compromise and settlement.

19. **Execution of Agreement.** This Agreement may be executed in multiple counterparts, each of which shall be deemed an original and all of which taken together shall constitute one and the same instrument. A copy of any signature page, including without limitation a facsimile copy or scanned electronic copy, shall be valid and as binding as an original signature.

20. **Governing Law and Forum.** This Agreement shall be construed in accordance with the laws of the State of North Carolina, without regard to its conflicts of laws provisions.

Each Party further agrees that the courts sitting in Guilford County, North Carolina shall have exclusive jurisdiction over any suit, action, or proceeding arising out of or relating to this Agreement.

**[SIGNATURE PAGES FOLLOW]**

Executed this the 29th day of ___March___ , 2022.

_____
Mary Smith, Individually and as Administrator of
the Estate of Marcus Deon Smith

STATE OF ___South Carolina___
___Greenville___ COUNTY

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she signed the foregoing document: Mary Smith.

Today's Date: ___3 / 29___ , 2022

_____
[Notary's signature as name appears on seal]

___Jeffrey Bean___
[Notary's printed name as name appears on seal]

My commission expires: ___2/27/2030___

JEFFREY BEAN
NOTARY PUBLIC
My
Commission
Expires
02/27/2030
SOUTH CAROLINA

[Affix Notary Seal in Space Above]

Reviewed and Approved:

_____
G. Flint Taylor
Ben H. Elson
PEOPLE'S LAW OFFICE
*Counsel for Mary Smith*

_____
Graham Holt
THE LAW OFFICE OF GRAHAM HOLT
*Counsel for Mary Smith*

Settlement Agreement and Release of All Claims                    Page 20 of 35

Executed this the _29th_ day of _March_ , 2022.

_George Smith_
George Smith

**STATE OF** _South Carolina_
_Greenville_ **COUNTY**

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she signed the foregoing document: George Smith.

Today's Date: _3 / 29_ , 2022

[Notary's signature as name appears on seal]

_Jeffrey Bean_
[Notary's printed name as name appears on seal]

My commission expires: _2 / 29 / 2030_

[Affix Notary Seal in Space Above]

Reviewed and Approved:

G. Flint Taylor
Ben H. Elson
PEOPLE'S LAW OFFICE
_Counsel for George Smith_

Graham Holt
THE LAW OFFICE OF GRAHAM HOLT
_Counsel for George Smith_

Executed this the 28th day of ___March___, 2022.

_____
Betty Toussaint, as Guardian *ad Litem* for A.D. and
K.S.

**STATE OF NORTH CAROLINA**
**GUILFORD COUNTY**

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she signed the foregoing document: Betty Toussaint.

Today's Date: _March 28th_, 2022

_____
[Notary's signature as name appears on seal]

___Shamarcus Reid___
[Notary's printed name as name appears on seal]

My commission expires: _08-17-2022_

[Affix Notary Seal in Space Above]



SHAMARCUS REID
NOTARY
PUBLIC
GUILFORD COUNTY, NC

Executed this the 29th day of March, 2022.

_Marquis Smith_
Marquis Smith

**STATE OF** South Carolina
Greenwood **COUNTY**

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she signed the foregoing document: Marquis Smith.

Today's Date: March 29th, 2022

_Georgia L. Miller_
[Notary's signature as name appears on seal]

_Georgia L. Miller_
[Notary's printed name as name appears on seal]

My commission expires: 7/10/2023

[Affix Notary Seal in Space Above]

Reviewed and Approved:

_Betty F. Toussaint_
Betty F. Toussaint
TOUSSAINT LAW, PLLC
*Attorney for Marquis Smith*

THE CITY OF GREENSBORO, NORTH CAROLINA

By: _____     Date: _____4-6-2022_____
Title: _____City MANAGER_____


By: _____     Date: _____4-6-2022_____
Title: City Attorney



Reviewed and Approved:

_____
Alan W. Duncan
Stephen M. Russell, Jr.
MULLINS DUNCAN HARRELL & RUSSELL PLLC
*Attorneys for the City of Greensboro*

Settlement Agreement and Release of All Claims                    Page 24 of 35

GUILFORD COUNTY, NORTH CAROLINA

By: _____   Date: 4-4-2022

Title: _County Manager_

Reviewed and Approved:

_____

Matthew L. Mason
*Interim Guilford County Attorney*

Executed this the _4th_ day of _April_ , 2022.

_Lee Andrews_
Lee Andrews

**STATE OF NORTH CAROLINA**
**GUILFORD COUNTY**

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she signed the foregoing document: Lee Andrews.

Today's Date: _April 4_ , 2022

_[signature]_
[Notary's signature as name appears on seal]

_Tyler D. Nullmeyer_
[Notary's printed name as name appears on seal]

My commission expires: _9/18/2024_

```
TYLER D. NULLMEYER
NOTARY PUBLIC
Durham County, North Carolina
My Commission Expires  9/18/24
```

[Affix Notary Seal in Space Above]

Reviewed and Approved:

_Alan W. Duncan_
Alan W. Duncan
Stephen M. Russell, Jr.
MULLINS DUNCAN HARRELL & RUSSELL PLLC
*Attorneys for Lee Andrews*

Executed this the 5th day of _April_, 2022.

_Jordan Bailey_
Jordan Bailey

**STATE OF** _Florida_

_Broward_ **COUNTY**

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she signed the foregoing document: Jordan Bailey.

Today's Date: _April 5th_, 2022

_[Notary's signature as name appears on seal]_

_Bismark Jiron_
[Notary's printed name as name appears on seal]

My commission expires: _09/17/2022_

BISMARK JIRON
Commission # GG 259461
Expires September 17, 2022
Bonded Thru Budget Notary Services

[Affix Notary Seal in Space Above]

Reviewed and Approved:

_Alan W. Duncan_
Alan W. Duncan
Stephen M. Russell, Jr.
MULLINS DUNCAN HARRELL & RUSSELL PLLC
_Attorneys for Jordan Bailey_

Executed this the 28 day of march , 2022.

_____
Christopher Bradshaw

**STATE OF NORTH CAROLINA**
**GUILFORD COUNTY**

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she signed the foregoing document: Christopher Bradshaw.

Today's Date: March 28 , 2022

_____
[Notary's signature as name appears on seal]

Tyler D. Nullmeyer
_____
[Notary's printed name as name appears on seal]

My commission expires: 9/18/2024

```
TYLER D. NULLMEYER
NOTARY PUBLIC
Durham County, North Carolina
My Commission Expires _____
```

[Affix Notary Seal in Space Above]

Reviewed and Approved:

Alan W. Duncan
_____
Alan W. Duncan
Stephen M. Russell, Jr.
MULLINS DUNCAN HARRELL & RUSSELL PLLC
*Attorneys for Christopher Bradshaw*

Executed this the _1st_ day of _April_ , 2022.

_[signature]_
Robert Duncan

**STATE OF NORTH CAROLINA**
**GUILFORD COUNTY**

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she signed the foregoing document: Robert Duncan.

Today's Date: _April 1_ , 2022



[Affix Notary Seal in Space Above]

_[Notary's signature]_
[Notary's signature as name appears on seal]

_Karen S Leary_
[Notary's printed name as name appears on seal]

My commission expires: _May 2, 2022_

Reviewed and Approved:

_[signature]_
Alan W. Duncan
Stephen M. Russell, Jr.
MULLINS DUNCAN HARRELL & RUSSELL PLLC
_Attorneys for Robert Duncan_

Executed this the _1_ day of _April_, 2022.

_____
Alfred Lewis

**STATE OF NORTH CAROLINA**
**GUILFORD COUNTY**

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she signed the foregoing document: Alfred Lewis.

Today's Date: _April 1, 2022_, 2022

_____
[Notary's signature as name appears on seal]

_____
[Notary's printed name as name appears on seal]

My commission expires: _May 2, 2022_

[Affix Notary Seal in Space Above]

Reviewed and Approved:

_____
Alan W. Duncan
Stephen M. Russell, Jr.
MULLINS DUNCAN HARRELL & RUSSELL PLLC
*Attorneys for Alfred Lewis*

Executed this the <u>28</u> day of <u>MARCH</u>, 2022.

<u>Michael Montalvo</u>
Michael Montalvo

**STATE OF NORTH CAROLINA**
**GUILFORD COUNTY**

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she signed the foregoing document: Michael Montalvo.

Today's Date: <u>March 28</u>, 2022

<u>Tyler D. Nullmeyer</u>
[Notary's signature as name appears on seal]

<u>Tyler D. Nullmeyer</u>
[Notary's printed name as name appears on seal]

My commission expires: <u>9/18/2024</u>

---
TYLER D. NULLMEYER
NOTARY PUBLIC
Durham County, North Carolina
My Commission Expires <u>9/18/24</u>
---

[Affix Notary Seal in Space Above]

Reviewed and Approved:

<u>Alan W. Duncan</u>
Alan W. Duncan
Stephen M. Russell, Jr.
MULLINS DUNCAN HARRELL & RUSSELL PLLC
*Attorneys for Michael Montalvo*

Settlement Agreement and Release of All Claims

Executed this the ___4___ day of __April_____, 2022.

_Justin Payne (signature)_____
Justin Payne

**STATE OF NORTH CAROLINA**
**GUILFORD COUNTY**

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she signed the foregoing document: Justin Payne.

Today's Date: __April 4_____, 2022

_Tyler D. Nullmeyer (signature)_____
[Notary's signature as name appears on seal]

_Tyler D. Nullmeyer_____
[Notary's printed name as name appears on seal]

My commission expires: __9/18/2024_____

TYLER D. NULLMEYER
NOTARY PUBLIC
Durham County, North Carolina
My Commission Expires 9/18/2024

[Affix Notary Seal in Space Above]

Reviewed and Approved:

_Alan W. Duncan (signature)_____
Alan W. Duncan
Stephen M. Russell, Jr.
MULLINS DUNCAN HARRELL & RUSSELL PLLC
*Attorneys for Justin Payne*

Executed this the 31 day of March, 2022.

_____
Douglas Strader

**STATE OF NORTH CAROLINA**
**GUILFORD COUNTY**

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she signed the foregoing document: Douglas Strader.

Today's Date: March 31, 2022

_____
[Notary's signature as name appears on seal]

_____
Karen S. Leary
[Notary's printed name as name appears on seal]

My commission expires: May 2, 2022

[Affix Notary Seal in Space Above]

Reviewed and Approved:

_____
Alan W. Duncan
Stephen M. Russell, Jr.
MULLINS DUNCAN HARRELL & RUSSELL PLLC
*Attorneys for Douglas Strader*

Settlement Agreement and Release of All Claims                    Page 33 of 35

Executed this the ___1___ day of ___April___, 2022.


_____
Ashley Abbott

**STATE OF NORTH CAROLINA**
___Forsyth___ **COUNTY**

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she signed the foregoing document: Ashley Abbott.

Today's Date: ___April 1___, 2022

_____
[Notary's signature as name appears on seal]

_____
Laura Hailey Wilson
[Notary's printed name as name appears on seal]

My commission expires: ___December 6, 2026___

[Affix Notary Seal in Space Above]


Reviewed and Approved:

_____
G. Gray Wilson
NELSON MULLINS RILEY & SCARBOROUGH LLP
*Attorney for Ashley Abbott*

Settlement Agreement and Release of All Claims                    Page 34 of 35

Executed this the ___1___ day of ___April___, 2022.

_[signature]_
Dylan Alling

**STATE OF NORTH CAROLINA**
___Guilford___ **COUNTY**

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she signed the foregoing document: Dylan Alling.

Today's Date: _04 / 01_, 2022

_[signature]_
[Notary's signature as name appears on seal]

_James Riggs_
[Notary's printed name as name appears on seal]

My commission expires: _05/19/2026_

JAMES RIGGS
Notary Public, North Carolina
Guilford County
My Commission Expires
05/19/2026

[Affix Notary Seal in Space Above]

Reviewed and Approved:

_[signature]_
G. Gray Wilson
NELSON MULLINS RILEY & SCARBOROUGH LLP
*Attorney for Dylan Alling*